IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER J.D. CLARK, SR.,

     Plaintiff,      No. CIV S-09-1452 GEB DAD PS

    vs.

POLICE OFFICER HANN, et al.,  ORDER

     Defendants.

_____/

    This case came before the court on August 14, 2009, for hearing on motions to dismiss brought on behalf of various state and judicial defendants. (Doc. Nos. 20 and 21.) Plaintiff Peter Clark, Sr., proceeding pro se, appeared in propria persona. Deputy Attorney General Kevin W. Reager appeared on behalf of the various state and judicial defendants. In addition, on July 31, 2009, the undersigned had taken under submission motions to dismiss filed on behalf of defendant Sacramento Police Department, various Sacramento County defendants and defendant Huntington. (Doc. Nos. 8, 13 and 14.) In opposing these latter motions, plaintiff had suggested that he wished to pursue amending his complaint. In response the motions to dismiss heard on August 14, 2009, plaintiff filed a motion to amend his complaint along with a proposed amended complaint. However, for the reasons set forth on the record at the hearing, the undersigned found plaintiff's proposed amended complaint to be deficient.

As indicated at the hearing on the latest motion, in keeping with the principal that leave to amend should be freely granted, the undersigned will grant each of the pending motions to dismiss and also grant plaintiff leave to amend thereby providing him a final opportunity to state cognizable claims. Each group of moving defendants have identified deficiencies in plaintiff's original complaint. Those arguments are in large part well-taken and plaintiff is advised to attempt to address the noted deficiencies in any amended complaint he elects to file in this action. In addition, plaintiff is provided the following guidance concerning the legal standards governing the claims he is apparently attempting to present.

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). Thus, the court may dismiss a complaint or any claim within it as frivolous where the claim is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). The critical inquiry is whether a claim, even if inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984). As the Supreme Court recently explained, in order to state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1974 (2007).

In determining whether a complaint states a claim, the court accepts as true the material allegations in the complaint and construes those allegations, as well as the reasonable inferences that may be drawn from them, in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S.

738, 740 (1976); Love v. U.S., 915 F.2d 1242, 1245 (9th Cir. 1989).  For purposes of a motion to dismiss, the court also resolves doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court may disregard allegations in the complaint that are contradicted by facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  In addition, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must, at a minimum, establish the court's jurisdiction, identify the defendants, state the relief sought, and give fair notice of the claims to the defendants.  See Fed. R. Civ. P. 8(a) (providing that a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought").  See also Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

The Civil Rights Act of 1964 provides that

> [e]very person who, under color of [state law] subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  A plaintiff proceeding under this statute must allege and ultimately prove that (1) he or she was deprived of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  The "under color of state law" requirement  is an essential

3

element of a § 1983 case, and it is the plaintiff's burden to establish that this element exists. Lee v. Katz, 276 F.3d 550, 553-54 (9th Cir. 2002).

Section 1983 also requires that there be an actual connection or link between the actions of each defendant and the deprivation alleged to have been suffered by each plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, a complaint must allege specific facts concerning each defendant's violation of plaintiff's rights and must allege facts explaining how any conduct complained of resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). There can be no liability under 42 U.S.C. § 1983 unless there is an affirmative link or connection between each defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.

Plaintiff is advised that while federal courts have an obligation to exercise jurisdiction where it exists, particularly in civil rights cases, abstention may be required under Younger v. Harris, 401 U.S. 37 (1971), when there are ongoing state proceedings that implicate important state interests and there is adequate opportunity in the state proceedings to raise federal

1  questions. Confederated Salish v. Simonich, 29 F.3d 1398, 1405 (9th Cir. 1994); Miofsky v.
2  Superior Court of the State of California, 703 F.3d 332, 337-38 (9th Cir. 1983). The abstention
3  doctrine extends to state administrative proceedings. Ohio Civil Rights Comm'n v. Dayton
4  Christian Schs., Inc., 477 U.S. 619, 627 (1986). "When a case falls within the proscription of
5  Younger, a district court must dismiss the federal action." Fresh Int'l Corp. v. Agricultural Labor
6  Relations Bd., 805 F.2d 1353, 1356 (9th Cir. 1986). In addition, there is no discretion to grant
7  injunctive relief if the case is within the Younger category of cases. Id. (citing Colorado River
8  Water Conservation Dist. v. United States, 424 U.S. 800, 816 n.22 (1976)).

9  Under the Rooker-Feldman doctrine, district courts lack jurisdiction to review
10 alleged errors in state court decisions. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S.
11 462, 476 (1983) (holding that review of state court determinations can be obtained only in the
12 United States Supreme Court). The doctrine applies to "cases of the kind from which the
13 doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by
14 state-court judgments rendered before the district court proceedings commenced and inviting
15 district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic
16 Indus. Corp., 544 U.S. 280, 284 (2005). In addition, a federal district court is prohibited from
17 exercising subject matter jurisdiction over a suit that is "a de facto appeal" from a state court
18 judgment. Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004).

19 In addition, a federal district court may not examine claims that are inextricably
20 intertwined with state court decisions, "even where the party does not directly challenge the
21 merits of the state court's decision but rather brings an indirect challenge based on constitutional
22 principles." Bianchi v. Rylaarsdam, 334 F.3d 895, 900 n.4 (9th Cir. 2003). See also Ignacio v.
23 Judges of U.S. Court of Appeals, 453 F.3d 1160, 1165-66 (9th Cir. 2006) (affirming district
24 court's dismissal of the case "because the complaint is nothing more than another attack on the
25 California superior court's determination in [plaintiff's] domestic case"). "The purpose of the
26 /////

doctrine is to protect state judgments from collateral federal attack." Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001).

In order to state a cognizable claim of municipal liability a plaintiff must allege in specific terms that he was injured as the consequence "of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy [.]" Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978). See also Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992).

The Eleventh Amendment bars suits against a state or its agencies, regardless of the relief sought and even where jurisdiction is predicated on a federal question, absent the state's affirmative and unequivocal waiver of its immunity or congressional abrogation of that immunity. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-99 (1984); Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999); Durning v. Citibank, N.A., 950 F.2d 1419, 1422-23 (9th Cir. 1991). Eleventh Amendment immunity extends to governmental entities that are "arms of the state," Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989), state officials where the state is the real party in interest, Pennhurst, 465 U.S. at 101-02, and state courts and their employees, Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003). Plaintiff is also advised that claims for damages against defendants in their official capacity are treated as suits against the state and are barred by the Eleventh Amendment unless the state has waived its sovereign immunity. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). In addition, state officials acting in their official capacities are not "persons" subject to liability under 42 U.S.C. § 1983. Will, 491 U.S. at 71.

Judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages. Pierson v. Ray, 386 U.S. 547, 553-54 (1967). "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e.,

6

whether they dealt with the judge in his judicial capacity." <u>Stump v. Sparkman</u>, 435 U.S. 349, 362 (1978).  Judicial immunity "applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" <u>Cleavinger v. Saxner</u>, 474 U.S. 193, 199-200 (1985) (quoting <u>Bradley v. Fisher</u>, 13 Wall. 335, 347 (1872)).  A party dissatisfied with a judge's rulings may challenge those rulings "only via appeal, not by suing the judges." <u>In re Thomas</u>, 508 F.3d 1225, 1227 (9th Cir. 2007) (citing <u>Mireles v. Waco</u>, 502 U.S. 9, 11-12 (1991)).  Moreover, a quasi-judicial immunity "is extended in appropriate circumstances to non jurists 'who perform functions closely associated with the judicial process.'" <u>In re Castillo</u>, 297 F.3d 940, 948 (9th Cir. 2002) (quoting <u>Cleavinger v. Saxner</u>, 474 U.S. 193, 200 (1985)).  Quasi-judicial immunity is available to individuals who perform functions that are judicial in nature or "have a sufficiently close nexus to the adjudicative process." <u>Id.</u> at 948.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make any second amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, neither the original pleading nor the amended complaint, serve any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's amended complaint will supersede the complaint that has been dismissed by the court.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Pursuant to Local Rule 15-220, plaintiff's amended complaint must be complete in itself without referring to or incorporating the prior pleading or any part of it, and neither the court nor the parties can refer to plaintiff's initial complaint to make the amended complaint complete.

/////

/////

Accordingly, IT IS HEREBY ORDERED that:

1. The June 16, 2009, motion to dismiss (Doc. No. 8) brought on behalf of defendant Sacramento Police Department is granted.

2. The June 18, 2009, motion to dismiss (Doc. No. 13) brought on behalf of the Sacramento County defendants is granted.

3. The June 19, 2009, motion to dismiss (Doc. No. 14) brought on behalf of defendant Huntington and others is granted.

4. The July 2, 2009, amended motions to dismiss (Doc. Nos. 20 and 21) brought on behalf of the state and judicial defendants is granted.

5. Plaintiff is granted leave to file a new First Amended Complaint which shall be filed and served within forty-five days of the date of this order. The amended complaint must bear the case number assigned to this case, must be titled "First Amended Complaint," must identify in the caption all defendants against whom plaintiff now wishes to proceed, and must comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.

6. Plaintiff's August 11, 2009, motion to amend (Doc. No. 33) is denied, having been rendered moot by the granting of leave to amend as set forth above and the September 10, 2009, hearing date on the motion to amend is vacated.

DATED: August 24, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.prose/clark1452.oahmtd.081409