IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER J.D. CLARK, SR.,

        Plaintiff,                     No. CIV S-09-1452 GEB DAD PS

    vs.

POLICE OFFICER HANN, et al.,        ORDER

        Defendants.

_____/

        Plaintiff is proceeding pro se on his first amended complaint. The pleading was filed after the court granted defendants' motions to dismiss, determined that plaintiff's proposed first amended complaint was deficient, and provided plaintiff with a final opportunity to state cognizable claims. By order filed December 1, 2009, the court granted plaintiff a lengthy continuance for the purpose of opposing defendants' renewed motions to dismiss. Before the court is plaintiff's motion for a further continuance of unspecified length and for appointment of counsel.

        Three factors are relevant to the determination of whether counsel should be appointed to represent a plaintiff in a civil case: (1) the plaintiff's financial resources, (2) the efforts already made by the plaintiff to secure counsel, and (3) whether the plaintiff's claims have merit. Bradshaw v. Zoological Soc'y of San Diego, 662 F.2d 1301, 1318 (9th Cir. 1981).

1

Appointment of counsel is not a matter of right. <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 269 (9th Cir. 1982). Here, plaintiff paid the required filing fee and has not made any showing of indigency. Plaintiff's motion provides no details about efforts to secure counsel but does reveal that plaintiff has obtained counsel to assist him with some of his claims and may obtain counsel to assist him with other claims. As to the third factor, while the court has not prejudged the case, plaintiff has not shown that this court has jurisdiction over all of his claims or that any of his claims have merit such that counsel should be appointed. For all of these reasons, plaintiff's motion for appointment of counsel will be denied.

Plaintiff's motion fails to make a showing of good cause for a second continuance to file opposition to motions that were filed three months ago, particularly when the pending motions include arguments raised in defendants' previous motions to dismiss. Moreover, plaintiff's request for second continuance is not timely because plaintiff filed the request on the date his opposition was due. <u>See</u> Local Rule 144(d) (requiring that parties seek a necessary extension as soon as the need becomes apparent and looking with disfavor on requests brought on the required filing date for the document). In the interests of justice, the pro se plaintiff will be granted a final extension of time to Wednesday, February 10, 2010, to file and serve opposition to defendants' motions. Plaintiff is cautioned that failure to file and serve opposition on or before the specified date may be deemed a waiver of opposition to the granting of the pending motions.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's February 1, 2010 motion for an indefinite continuance and to appoint counsel (Doc. No. 65) is denied.

2. Plaintiff is granted a final extension of time to Wednesday, February 10, 2010, to file opposition or a statement of non-opposition to defendants' pending motions to dismiss.

3. Defendants' replies, if any, shall be filed and served on or before Wednesday, February 17, 2010.

4. Defendants' motions to dismiss will be heard on Friday, February 19, 2010, as noticed by defendants.

DATED: February 5, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
DDad1\orders.prose\clark1452.cont.counsel.den