IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER J.D. CLARK, SR.,

        Plaintiff,                          No. CIV S-09-1452 GEB DAD PS

    vs.

POLICE OFFICER HANN, et al.,         <u>ORDER</u>

        Defendants.

_____/

        Plaintiff has filed a motion for reconsideration of this court's order filed February 5, 2010, denying plaintiff's motions for a continuance of unspecified length and for court-appointed counsel. Plaintiff's motion for reconsideration includes a request for a 60-day extension of time to file opposition to defendants' motions to dismiss.

        Motions to reconsider are directed to the sound discretion of the court. See <u>Boone v. United States</u>, 743 F. Supp. 1367, 1371 (D. Haw. 1990), <u>aff'd</u>, 944 F.2d 1489 (9th Cir. 1991); <u>Frito-Lay of Puerto Rico, Inc. v. Canas</u>, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981). In the United States District Court for the Eastern District of California, a party seeking reconsideration of a ruling on a motion must brief the "new or different facts or circumstances . . . which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j). This rule derives from the principle that decisions on legal issues made in a

1

case should be followed unless there is substantially different evidence or new controlling authority, or the party demonstrates that the court's prior decision was clearly erroneous and has resulted in injustice. Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985). A motion to reconsider is not a vehicle by which an unsuccessful party is permitted to "rehash" arguments previously presented or to present arguments that could have been raised previously. See Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991); see also FDIC v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991).

Here, plaintiff's motion for reconsideration does not offer substantially different evidence or new controlling authority. Nor does the motion show that the court's decision was clearly erroneous and resulted in injustice. Plaintiff reargues points previously presented in his motion for continuance and request for court-appointed counsel. Plaintiff offers no assurance that, if granted a 60-day extension of time, he will in fact file opposition to defendants' motions. The motion for reconsideration and request for a 60-day continuance will therefore be denied.

As a result of plaintiff's failure to file opposition to defendants' motions within the final extension of time granted on February 5, 2010, plaintiff is not entitled to be heard in opposition to the motions at oral argument. See Local Rule 230(c). Good cause appearing, the unopposed motions will be submitted upon the record and briefs on file, and the scheduled hearing will be dropped from the court's February 19, 2010 calendar. See Local Rule 230(b). Defendants' submitted motions will be addressed in written findings and recommendations that will be issued when the court's calendar permits.

IT IS ORDERED that:

1. Plaintiff's February 10, 2010 motion for reconsideration and for a 60-day extension of time (Doc. No. 68) is denied.

2. Defendants' motions to dismiss (Doc. Nos. 44, 45, 48, 52, 53), all noticed for hearing on February 19, 2010 by defendants' amended notices of motion (Doc. Nos. 60, 61, 62,

63, 64), are submitted upon the record and briefs on file, and the hearing set for February 19, 2010 is vacated.

DATED: February 11, 2010.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
DDad1\orders.prose\clark1452.reconden.motssubm