IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER J.D. CLARK, SR.,

    Plaintiff,                    No. CIV S-09-1452 GEB DAD PS

    vs.

POLICE OFFICER HANN, et al.,        ORDER

    Defendants.

_____/

        On July 27, 2010, the pro se plaintiff in this action filed a document titled "Motion to Dismiss Lawsuit, Without Prejudice." The filing indicates a hearing date of August 6, 2010.

        Plaintiff's motion will not be placed on the court's August 6, 2010 calendar because plaintiff has set his motion for hearing only ten days after the filing of the motion. See Local Rule 230(b) (requiring that motions be set for hearing "not less than twenty-eight (28) days after service and filing of the motion"). In addition, plaintiff's motion does not include a proof of service showing that the motion was served on defendants' attorneys.

        A review of plaintiff's motion reveals that plaintiff seeks to dismiss his claims against the YMCA defendants. Under the Federal Rules of Civil Procedure, a plaintiff may dismiss an action without obtaining a court order merely by filing a notice of dismissal before the

1

opposing party serves either an answer or a motion for summary judgment.  See Fed. R. Civ. P. 41(a)(1)(A).  The Ninth Circuit has held that Rule 41(a)(1)(A) permits partial dismissal where the plaintiff dismisses all claims against a defendant.  Gen. Signal Corp. v. MCI Telecom. Corp., 66 F.3d 1500, 1513 (9th Cir. 1995) ("Rule 41 is reserved for circumstances in which the result of the alleged dismissal is that one or all of the defendants are released from the action."); Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1392 (9th Cir. 1988) (holding that Rule 41 applies to complete dismissal as to all defendants, or partial dismissal of all claims against a defendant).

Here, plaintiff seeks to dismiss all claims against the YMCA defendants, who have not served an answer or a motion for summary judgment.  Plaintiff does not need to file a noticed motion for this purpose.

Good cause appearing, IT IS HEREBY ORDERED that

1. Plaintiff's July 27, 2010 motion to dismiss (Doc. No. 75), construed as a request for partial dismissal pursuant to Rule 41(a)(1)(A), is granted and will not be placed on the court's August 6, 2010 calendar;

2. The YMCA defendants, consisting of the YMCA of Greater Sacramento, YMCA Child Development Center, Nora Shigomoto (sued as Nora Shigemoto), Kathleen Parks, Nicole Romero (sued as Ms. Nicole), and Annie Cargile (sued as Ms. Annie) are dismissed without prejudice; and

3. The YMCA defendants' November 5, 2009 motion to dismiss (Doc. No. 48) is denied as moot.

DATED: August 3, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
DDad1\orders.prose\clark1452.pmtd.ord