IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER J.D. CLARK, SR.,

    Plaintiff,                        No. CIV S-09-1452 GEB DAD PS

    vs.

POLICE OFFICER HANN, et al.,

    Defendants.                FINDINGS AND RECOMMENDATIONS

_____/

        Defendants' motions to dismiss plaintiff's first amended complaint are before the court. The motions, which were initially noticed for hearing on December 4, 2009, were re-noticed for hearing on February 19, 2010 pursuant to the court's order granting in part plaintiff's motion for continuance. (Doc. No. 59.) Plaintiff's subsequent motion for an indefinite continuance was denied, and plaintiff was granted a final extension of time to February 10, 2010 to respond to the motions. (Doc. No. 67.) On February 10, 2010, plaintiff requested a 60-day extension of time as well as reconsideration of the order denying his motion for indefinite continuance. The court denied plaintiff's request for reconsideration and motion for further extension of time, vacated the hearing set for February 19, 2010, and deemed defendants' unopposed motions submitted on the record and the briefs on file. (Doc. No. 70.)

/////

Upon consideration of the record and the briefs on file, the undersigned now recommends that all pending motions be granted[1] and that plaintiff's first amended complaint be dismissed without leave to amend.

PLAINTIFF'S FIRST AMENDED COMPLAINT

At a hearing held on August 14, 2009, the court granted defendants' previous motions to dismiss. In keeping with the principle that leave to amend should be freely granted, the court also granted plaintiff's motion to amend, providing plaintiff with a final opportunity to state cognizable claims. The court advised plaintiff that each group of moving defendants had identified deficiencies in plaintiff's original complaint and that defendants' arguments were in large part well-taken. Plaintiff was directed to attempt to address the deficiencies noted by the defendants. In addition, plaintiff was provided with guidance concerning the legal standards applicable to the motions brought by the defendants and the claims plaintiff was apparently attempting to present. (Doc. No. 36.)

The caption of plaintiff's first amended complaint indicates that the pleading asserts civil rights claims under 42 U.S.C. § 1983 together with state law claims for defamation of character, intentional infliction of emotional distress, negligent infliction of emotional distress, and harassment. (Doc. No. 41.) The caption and the "Parties" section of the first amended complaint reveal that plaintiff has reduced the number of defendants in the case to fourteen. Recently, plaintiff voluntarily dismissed six of those fourteen defendants: the YMCA of Greater Sacramento, the YMCA Child Development Center, Nora Shigomoto, Kathleen Parks, Nicole Romero, and Annie Cargile. (Docs. No. 75 & 76.)

The court's records reflect that defendants Police Officer Hann and "Sacramento County, CA. Superior Courts" have not appeared in this action, and plaintiff has taken no steps to

---

[1] The motion to dismiss filed by defendants YMCA of Greater Sacramento, YMCA Child Development Center, Nora Shigomoto, Kathleen Parks, Nicole Romero, and Annie Cargile was rendered moot by plaintiff's motion to dismiss these defendants and the court's order granted that motion. (Doc. No. 76.)

proceed against them.  There is no evidence that a summons and complaint were ever served on the Sacramento County Superior Court, and the returns of service filed by plaintiff do not demonstrate that defendant Hann was served with process in accordance with Federal Rule of Civil Procedure 4.  (Docs. No. 5-7.)  The undersigned will recommend that the two non-appearing defendants be dismissed pursuant to Federal Rule of Civil Procedure 4(m), which provides that, absent a showing of good cause, the court must dismiss the action without prejudice against any defendant who was not served with a summons and complaint within 120 days after the complaint was filed.

The six remaining defendants, as named by plaintiff, are the Sacramento Police Department, Director Nancy Aitken, the Busy Bee Daycare Center, Judge James McFetridge, Sheriff Jeremy Jordan, and the Sacramento County Sheriff's Department.  Plaintiff's first amended complaint alleges as follows with respect to these six remaining defendants.  This action arises from defendants' discriminatory refusal to conduct an adequate investigation into plaintiff's concerns regarding physical abuse he believed his children were experiencing.  In early December 2007, plaintiff's children informed him of numerous incidents of physical abuse of his minor son by his son's uncle and cousins.  On December 22, 2007, plaintiff went to a police station in Sacramento to report physical abuse of his son.  The police officer was dismissive of plaintiff's concerns, and plaintiff believed the officer was biased against him because he is a black man with bi-racial children.  The officer called the mother of the children and suggested that she obtain a restraining order against plaintiff, and later such an order was entered, which resulted in bias against plaintiff in Family Court and a violation of plaintiff's right to parent his children.  On February 4, 2008, plaintiff filed a complaint against the police officer in question due to his attitude.  On February 11, 2008, defendant Aitken criticized plaintiff for going to the Sacramento Police Department to complain about his ex-wife's relatives.  On February 12, 2008, defendant Aitken met with plaintiff and his ex-wife, brought other workers into the meeting, refused to listen to plaintiff's concerns, and criticized plaintiff as irresponsible.  On February 14,

1  2008, defendant Aitken filed a fabricated complaint against plaintiff with the Sacramento Police
2  Department.  Plaintiff believes that his ex-wife was able to get a restraining order against him in
3  part because of defendant Aitken's complaint.  The need to constantly advocate for the safety of
4  his children caused plaintiff to suffer stress which led to migraine headaches.  Defendant Judge
5  McFetridge knew that plaintiff had filed complaints against him due to his conduct in Family
6  Court and formed a bias against plaintiff because of the complaints plaintiff had filed.  Plaintiff
7  believed the Sacramento County Family Court Services had a bias against black men.  On
8  February 4, 2009, while observing Judge McFetridge in open court to learn more about decisions
9  that could be based on race, plaintiff assisted a young black father in filing a complaint against
10 Judge McFetridge and the sheriff of Sacramento County.  The next day, while again observing
11 Judge McFetridge in open court, plaintiff was asked by defendant Jeremy Jordan to leave the
12 courtroom to meet with him.  Plaintiff felt compelled to leave the courtroom.  Once outside the
13 courtroom, defendant Jordan divulged information about plaintiff's family law file and badgered
14 plaintiff.  Judge McFetridge subsequently fabricated a statement that plaintiff had threatened him,
15 in retaliation for plaintiff's having helped the young black father in his courtroom.  Defendants
16 McFetridge and Jordan harassed and defamed plaintiff and deprived him of his right to observe
17 the proceedings in open court because of their bias against him for continually complaining about
18 family court services. (First Am. Compl. ¶¶ 2 & 18-40.)

19         Plaintiff's first and second claims for relief allege:  (1) an unconstitutional
20 violation of plaintiff's parental rights by the Sacramento Police Department; and (2) an
21 unconstitutional violation of plaintiff's right to observe court proceedings by defendants
22 McFetridge and Jordan.  (Id. ¶¶ 41-48.)  Plaintiff's third through sixth claims allege:  (3)
23 defamation by defendants Busy Bee Daycare Center, Aitken, McFetridge, and Jordan; (4)
24 intentional infliction of emotional distress by all defendants; (5) negligent infliction of emotional
25 distress by all defendants; and (6) harassment by defendants McFetridge, Jordan, and the
26 Sacramento County Sheriff's Department.  (Id. ¶¶ 49-63.)

Plaintiff seeks compensatory, general, and special damages in amounts to be proven at trial, and punitive and exemplary damages against each defendant in an amount large enough to punish and deter each defendant. Plaintiff also seeks his costs of suit. (Id., Prayer for Relief at 10.)

## LEGAL STANDARDS

### I. Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). Thus, the court may dismiss a complaint or any claim within it as frivolous where the claim is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). The critical inquiry is whether a claim, even if inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984). As the Supreme Court recently explained, in order to state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In determining whether a complaint states a claim, the court accepts as true the material allegations in the complaint and construes those allegations, as well as the reasonable inferences that may be drawn from them, in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. U.S., 915 F.2d 1242, 1245 (9th Cir. 1989). For purposes of a motion to dismiss, the court also resolves doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.
2  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court may disregard allegations in the
3  complaint that are contradicted by facts established by exhibits attached to the complaint.
4  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  In addition, the court need
5  not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of
6  fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

7  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a
8  complaint must, at a minimum, establish the court's jurisdiction, identify the defendants, state the
9  relief sought, and give fair notice of the claims to the defendants.  See Fed. R. Civ. P. 8(a)
10  (providing that a pleading must contain "a short and plain statement of the grounds for the
11  court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled
12  to relief," and "a demand for the relief sought").  See also Jones v. Community Redev. Agency,
13  733 F.2d 646, 649 (9th Cir. 1984).  "Each allegation must be simple, concise, and direct."  Fed.
14  R. Civ. P. 8(d).

15  II. Civil Rights Claims

16  The Civil Rights Act of 1964 provides that

17  [e]very person who, under color of [state law] subjects, or causes
   to be subjected, any citizen of the United States or other person
18  within the jurisdiction thereof to the deprivation of any rights,
   privileges, or immunities secured by the Constitution and laws,
19  shall be liable to the party injured in an action at law, suit in equity,
   or other proper proceeding for redress . . . .
20

21  42 U.S.C. § 1983.  A plaintiff proceeding under this statute must allege and ultimately prove that
22  (1) he or she was deprived of a right secured by the Constitution or laws of the United States and
23  (2) the alleged deprivation was committed by a person acting under color of state law.  West v.
24  Atkins, 487 U.S. 42, 48 (1988).  The "under color of state law" requirement  is an essential
25  element of a § 1983 case, and it is the plaintiff's burden to establish that this element exists.  Lee
26  v. Katz, 276 F.3d 550, 553-54 (9th Cir. 2002).

Section 1983 also requires that there be an actual connection or link between the actions of each defendant and the deprivation alleged to have been suffered by each plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, a complaint must allege specific facts concerning each defendant's violation of plaintiff's rights and must allege facts explaining how any conduct complained of resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). There can be no liability under 42 U.S.C. § 1983 unless there is an affirmative link or connection between each defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.

In order to state a cognizable claim of municipal liability a plaintiff must allege in specific terms that he was injured as the consequence "of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy [.]" Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978). See also Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992).

/////

ANALYSIS

The court turns first to plaintiff's two federal claims because at least one of those claims must be viable against at least one defendant for purposes of federal question jurisdiction.

Plaintiff alleges that the Sacramento Police Department deprived him of his parental rights and that defendants McFetridge and Jordan deprived him of his right to observe court proceedings. Plaintiff has not alleged that defendants Aitken and the Busy Bee Day Care Center deprived him of any constitutional right.

Defendant City of Sacramento Police Department moves to dismiss plaintiff's federal claim against it on the ground that it fails to state a claim upon which relief can be granted. Defendant McFetridge moves to dismiss plaintiff's federal claim against him on the ground that the district court lacks jurisdiction over the dispute and that, even if jurisdiction existed, the judicial immunity doctrine bars plaintiff's claim. Defendant Jordan moves to dismiss plaintiff's federal claim against him on the ground that it fails to state a claim upon which relief can be granted.

I. First Claim for Relief Under § 1983

The court finds that plaintiff's § 1983 claim against defendant City of Sacramento Police Department should be dismissed because plaintiff fails to allege, in specific terms, that his legal right to parent his children was injured because of a City policy or custom. In the court's order dismissing plaintiff's initial complaint with leave to amend, plaintiff was informed that, in order to state a cognizable claim of municipal liability a plaintiff must allege in specific terms that he was injured as the consequence "of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy [.]" Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978). See also Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992). Plaintiff's first claim for relief fails to state a cognizable claim of municipal liability and should be dismissed in its entirety because plaintiff has not alleged the claim against any other defendant who was properly served with process.

II. Second Claim for Relief Under § 1983

    A. Defendant McFetridge

The court finds that plaintiff's § 1983 claim against defendant McFetridge should be dismissed for two reasons. Plaintiff alleges that "as a citizen and parent of the United States" he has a constitutional and legal right to sit in and observe open court. Assuming for the sake of argument that citizens in general and parents in particular have such a right, plaintiff's amended complaint fails to allege facts demonstrating that defendant McFetridge interfered with that right. Plaintiff alleges that on February 4, 2009, and February 5, 2009, he was observing in Judge McFetridge's court for the purpose of discovering whether Judge McFetridge makes decisions based on race and, while observing, he helped a young black father file a complaint against Judge McFetridge. Plaintiff alleges that on February 5, 2009, defendant Sheriff's Deputy Jordan asked plaintiff to leave the courtroom with him to talk about his case. Plaintiff does not allege that he was observing a proceeding in his own family law case on either date. He does not allege that defendant McFetridge ordered him to leave the courtroom on either date or any other date. Plaintiff does not allege that he was unable to observe open court on any day other than February 5, 2009, and on that date he left the courtroom voluntarily to talk to defendant Jordan. In sum, there is no factual basis alleged in the first amended complaint for plaintiff's claim that defendant McFetridge violated plaintiff's right to observe open court. Plaintiff's § 1983 claim should be dismissed as to defendant McFetridge for lack of a factual basis.

The § 1983 claim against defendant McFetridge should also be dismissed on the ground of judicial immunity. In the court's order dismissing plaintiff's initial complaint with leave to amend, plaintiff was informed that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages. Pierson v. Ray, 386 U.S. 547, 553-54 (1967). "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."

Stump v. Sparkman, 435 U.S. 349, 362 (1978).  Judicial immunity "applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'"  Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1872)).  A party dissatisfied with a judge's rulings may challenge those rulings "only via appeal, not by suing the judges."  In re Thomas, 508 F.3d 1225, 1227 (9th Cir. 2007) (citing Mireles v. Waco, 502 U.S. 9, 11-12 (1991)).  Maintaining control of one's courtroom and making rulings in proceedings before the court are functions normally performed by a judge.  Plaintiff has not alleged that defendant McFetridge acted outside the course and scope of his judicial duties with respect to plaintiff's observation in open court on any date.  Therefore, plaintiff's claim against defendant McFetridge is barred by judicial immunity.

      B.  Defendant Jordan

          The court also finds that plaintiff's § 1983 claim against defendant Jordan should be dismissed because plaintiff fails to state a claim upon which relief can be granted in this regard.  As set forth supra, plaintiff alleges that on February 5, 2009, he was requested by defendant Jordan to leave the Judge McFetridge's courtroom to meet with him.  Plaintiff left the courtroom voluntarily, and defendant Jordan talked to plaintiff about his family law case.  Plaintiff alleges that defendant Jordan badgered him about why he was in court and that plaintiff told him he was there observing court.  Plaintiff does not allege that he was physically removed from the courtroom, does not allege that he was unable to return to the courtroom after meeting with defendant Jordan, and does not allege that he was prevented from observing open court on any occasion other than February 5, 2009, when he voluntarily left the courtroom momentarily to talk to defendant Jordan.  The facts alleged do not demonstrate the deprivation of a constitutional right.  Plaintiff's § 1983 claim should be dismissed as to defendant Jordan for failure to allege enough facts to state a claim to relief that is plausible on its face.

/////

/////

1          For these reasons, plaintiff's second claim for relief fails to state a cognizable claim against either defendant McFetridge or defendant Jordan and should be dismissed in its entirety.

III. <u>Futility of Further Amendment</u>

          The undersigned has carefully considered whether there is any possibility that plaintiff may amend his complaint to state a cognizable federal claim that would not be subject to dismissal. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." <u>California Architectural Bldg. Prod. v. Franciscan Ceramics</u>, 818 F.2d 1466, 1472 (9th Cir. 1988). <u>See</u> also <u>Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not have to allow futile amendments). It appears that granting further leave to amend would be futile in this instance given the nature of plaintiff's complaint, the fact that he has previously been granted leave to amend following dismissal of his original complaint and the defects noted above in his first amended complaint.

CONCLUSION

          The § 1983 claims set forth as plaintiff's first and second claims for relief should be dismissed for the reasons set forth above. Plaintiff's remaining claims are state law claims of defamation, harassment, and intentional and negligent infliction of emotional distress.[2] A district court may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The

---

[2] Plaintiff has not alleged exhaustion of administrative remedies as to his state law claims against the defendants who are public employees. Under the California Tort Claims Act (CTCA), a plaintiff may not maintain an action for damages against a public employee unless a written claim has first been presented to the appropriate state entity and has been acted upon by that entity. <u>See</u> Cal. Gov't Code §§ 900.2, 910, 915(c)(2) & 945.4. Failure to present a timely claim against a public employee bars a subsequent civil action for damages against the public employee. <u>See</u> <u>State v. Superior Ct. ex rel. Bodde</u>, 32 Cal. 4th 1234, 1237, 1239 (2004). Supplemental state law claims in a civil rights action brought in federal court are subject to dismissal for failure to allege compliance with the claim-filing requirement of the CTCA. <u>Karim-Panahi v. Los Angeles Police Dep't</u>, 839 F.2d 621, 627 (9th Cir. 1988).

undersigned will recommend that the district judge decline to exercise jurisdiction over plaintiff's state law claims.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants Police Officer Hann and the Sacramento County CA Superior Courts be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for failure to effect service of process on these defendants within 120 days after filing the complaint;

2. The November 2, 2009 motion to dismiss (Doc. No. 44) brought on behalf of defendant Sacramento County Sheriff's Department and Sheriff's Deputy Jeremy Jordan be granted in part;

3. The November 3, 2009 motion to dismiss (Doc. No. 45) brought on behalf of defendant City of Sacramento Police Department be granted in part;

4. The November 9, 2009 motion to dismiss (Doc. No. 52) brought on behalf of defendant Judge McFetridge be granted in part;

5. The November 9, 2009 amended motion to dismiss (Doc. No. 53) brought on behalf of defendants Nancy Aitken (sued as Director Nancy Aitken) individually and doing business as Busy Bee Nursery School (sued as the Busy Bee Daycare Center) be granted in part;

6. The court decline to exercise supplemental jurisdiction over plaintiff's state law claims;

7. Plaintiff's first amended complaint be dismissed without further leave to amend and this action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file and serve written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within seven days after the objections are served. The parties are

advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 9, 2010.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\clark1452.f&r.gr.mtds